**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PATRICIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-02338-TLP-atc |
| v. | ) | |
| | ) | JURY DEMAND |
| FEDEX FREIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Patricia Williams sued FedEx Freight and many other defendants[1] in March 2025. (ECF No. 1.) Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Annie T. Christoff to manage all pretrial matters. Judge Christoff ordered Plaintiff to file an amended Complaint in March 2026 to correct deficiencies in her original Complaint. (ECF No. 16.) But after Plaintiff amended her Complaint, Judge Christoff issued a Report and Recommendation ("R&R"), recommending that the Court sua sponte dismiss Plaintiff's claims for failure to state a claim for which relief may be granted. (ECF No. 19.) Plaintiff did not object. For the reasons below, the Court **ADOPTS** the R&R.

[1] The other defendants are LaRaye Cole, Monique Holley, Timothy Roberts, FNU Duwan, Wellcare and Affiliates, Ralph Pippen, The Eye Center, Methodist Lebonheur Hospital, Tejinder S. Saini, City of Memphis 911, Emergency Response Team, City of Memphis Police Department, and Department (Police) Dispatch.

**BACKGROUND AND THE R&R**

Judge Christoff accurately summarizes Plaintiff's Complaint. Plaintiff's initial Complaint alleged:

> Violation of rights pertaining to disability act and act of religious freedom. Each defendant participating in the violation of company policies with the involvement of harassing and unwanted abusive behavior against the Plaintiff. Plaintiff plans to include the abuse of authoritative figures, civil rights violations, HIPPA violations. Inappropriate conduct of those in leadership. Unauthorized and malicious behavior by healthcare officials. Bias attitudes within Judicial System from Judge and Magistrate Judge unlawful detention. Violation of communications law by Defendant Attorney.

(ECF No. 2 at PageID 3.) Judge Christoff found many problems with Plaintiff's initial Complaint, including the fact that Plaintiff improperly named administrative units of the City of Memphis rather than the City of Memphis itself. (ECF No. 16 at PageID 27.) Judge Christoff also noted that Plaintiff seemed to be relitigating claims against FedEx Freight, LaRaye Cole, Monique Holley, Ralph Pippen, Timothy Roberts, FNU Duwan, and Wellcare and Affiliates ("FedEx Defendants"). (*Id.* at PageID 23–24.)

Plaintiff sued the FedEx Defendants in 2022, "alleging violations of the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964." (*Id.* at PageID 24.) But Judge Fowlkes dismissed that suit for lack of prosecution. *Williams v. FedEx Freight*, 2:22-cv-02310-JTF-atc, Dkt. No. 48 (W.D. Tenn. Sept. 12, 2023). So Judge Christoff concluded correctly that Plaintiff's 2025 claims against the same FedEx Defendants would be barred under res judicata if they arose from the same transaction or occurrence as the 2022 suit. (ECF No. 16 at PageID 24.) Given these and other defects, Judge Christoff ordered Plaintiff to amend her Complaint. (*Id.* at PageID 27.)

Plaintiff amended her Complaint in April 2026. (ECF No. 18.) The Court agrees with Judge Christoff that the "new allegations are difficult to follow." (ECF No. 19 at PageID 34.)

Plaintiff starts out her amended complaint by stating that she "was granted dismissal without prejudice from the assigned judge John Fowlkes Jr. and then filed [the] complaint to litigate the same defendants with added defendants March 2025." (*Id.* at PageID 28.) And Plaintiff's "only allegation as to WellCare is 'the WellCare defendants were always in existence from the state of Plaintiff's original complaint, and each complaint entered by Plaintiff, and each harmful conduct of actions perpetrated upon the Plaintiff by the named Defendants.'" (*Id.* at PageID 35) (quoting ECF No. 18 at PageID 31).)

Judge Christoff also describes Plaintiff's allegations against the other Defendants.

> As to Defendant The Eye Center, [Plaintiff] alleges only that it "violated the Plaintiff's rights as to Health Insurance Portability and Accountability Act (HIPPA) laws and allowed employees to engage in discriminatory practices that resulted in harmful and malicious damage to the Plaintiff's person[al] property, inflicting physical injury, fear, intimidation, and repeated harassment and relation. [(ECF No. 18 at PageID 31.)] As to Defendants City of Memphis and Memphis Police Department (the "City Defendants"), Williams alleges only "abuse and neglect to perform acts of duties" and "violation of civil rights" when she "requested assistance after several failed attempts to reach 911/Dispatch Emergency line to report violate disturbances and constant sounds of unbearable community nuisance actions." (*Id.*) As to Defendants Methodist Hospital and Tejinder S. Saini, M.D., she makes no allegations at all and references them only in her prayer for relief[.][2] [(*Id.* at 32.)]

(ECF No. 19 at PageID 35.)

Judge Christoff recommends that the Court dismiss Plaintiff's claims against the FedEx Defendants with prejudice because they meet the elements of res judicata. (ECF No. 19 at PageID 37–40.) That is, Judge Fowlkes dismissed Plaintiff's first suit with prejudice, the current case involves the same FedEx Defendants, and her claims against them "arose from the same core of operative facts . . . as Williams I" and involve the same claims. (*Id.* at PageID 39–40.)

---

[2] Plaintiff alleges these defendants unlawfully removed her personal property from her dwelling but does not provide any further detail. (ECF No. 18 at PageID 5.)

Judge Christoff also recommends dismissing the Plaintiffs claims against the remaining defendants because she failed to "include factual allegations that she is entitled to relief." (*Id.* at PageID 40.) The Court agrees with both of Judge Christoff's conclusions. Having covered the factual background of the case, the Court will now discuss the legal standards for reviewing R&Rs.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff entered her R&R in August 2026. To date, Plaintiff has not objected. And the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record, the Court finds no clear error in Judge Christoff's R&R. The Court agrees that Plaintiff's claims against the FedEx defendants are barred under the doctrine of res judicata. The Court also finds that, even under the more generous standards for pro se plaintiffs, Plaintiff has made only conclusory allegations and failed to state facts giving rise to a plausible cause of action. The Court therefore **ADOPTS** the R&R's recommendation.

**CONCLUSION**

The Court has reviewed Judge Christoff's R&R and finds no clear error. Accordingly, the Court **DISMISSES** Plaintiff's claims against the FedEx Defendants **WITH PREJUDICE** and **DISMISSES** Plaintiff's claims against the remaining Defendants **WITHOUT PREJUDICE.**

**SO ORDERED**, this 27th day of October, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE